# Exhibit "A"

Plaintiff's Complaint

Electronically Filed
6/8/2021 8:58 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
DIMOPOULOS INJURY LAW
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
O: (702) 800-6000
F: (702) 224-2114
ml@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-21-835892-C
Department 21

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| AISHA INISE BELL,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Foreign Corporation dba WALMART; DOE WORKER, an individual; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>    Defendants. | CASE NO.:<br>DEPT NO.:<br><br><br>COMPLAINT |

Plaintiff, AISHA INISE BELL, by and through her counsel, STEVE DIMOPOULOS, ESQ. and MICHAEL C. LAFIA, ESQ. of DIMOPOULOS INJURY FIRM, and for her Complaint against the Defendants, and each of them alleges as follows:

## JURISDICTION

1. At all times relevant hereto, Plaintiff, AISHA INISE BELL (hereinafter "Plaintiff") was a citizen of Nevada and resident of Clark County, Nevada.

2. Upon information and belief for all times relevant hereto, Defendant, WALMART, INC., a Foreign Corporation dba WALMART (hereinafter "Defendant"), is, and at all times mentioned herein, was a Foreign Corporation or other business entity that is incorporated and

Page 1 of 11

headquartered outside of Nevada but is licensed to do business in the County of Clark, State of Nevada.

3. Upon information and belief, Defendant is the owner or operator of the property Store #2592, located at 1807 West Craig Road, North Las Vegas, Nevada 89032 (hereinafter referred to as the "Premises" and/or the "Property").

4. Upon information and belief, Defendant Doe Worker ("Doe Worker") is a citizen of Nevada and resident of Clark County. Plaintiff will ask leave of the Court to amend her Complaint to insert the true name and capacity of Doe Worker when the same have been ascertained in this action.

5. Upon information and belief, Defendant Doe Worker was acting as an employee and/or agent of Defendant Walmart on the premises on our about June 21, 2019, in Clark County, Nevada.

6. That the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants DOES and/or ROE ENTITIES 1 through 20 inclusive, are presently unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that the Defendants designated herein as DOE and/or ROE are legally responsible in some manner for the events and happenings herein referred to, and legally and proximately caused injuries and damages thereby to Plaintiff as herein alleged. Plaintiff requests leave of the Court to amend this Complaint to specify these Doe Defendants when their identities become known.

7. At all material times, Defendants, and each of them, were individuals and/or entities who were and are agents, masters, servants, employers, employees, joint ventures, representatives and/or associates, and with the consent, knowledge, authorization, ratification and permission of each other. At all times relevant hereto, Defendants, and each of them, engaged in concerted acts and/or were responsible for the acts and/or omissions of themselves

and each other Defendant and held a special relationship with Plaintiff and with the other defendants, non-delegable in nature, and subject to a peculiar and high risk of harm for breach thereof. Plaintiff alleges that at least one of the Doe Defendants is believed to be the employee responsible for the protocol, maintenance and cleaning, security, safety and/or supervision of the area at issue. Plaintiff requests leave of the Court to amend this Complaint to specify the Doe Defendants when their identities become known.

8.  That the Defendants, and each of them, are the agents, employees and/or contractors of the other Defendants, and were acting within the scope of their agency, employment and/or contract at the time and place described herein.

9.  Plaintiff is informed and believes, and based upon such information and belief, alleges, that Defendants, DOE and/ROE ENTITIES 1 through 10, and each of them, resided, were employed and/or did business in Clark County. Defendants designated as DOE and/or ROE ENTITITIES 11 through 20, are in some manner, responsible for the occurrences and injuries sustained by Plaintiff, as alleged herein.

10. At all times mentioned Defendants, including Doe Defendants, were the designers, contractors, maintainers, owners, managers, inspectors, supervisors, cleaners and controllers of the premises and common areas generally known as "Walmart," Store #2592, located at 1807 West Craig Road, North Las Vegas, Nevada 89032.

11. This Court has jurisdiction over the Defendants, as Defendants are Nevada residents, Nevada entities and/or foreign corporations conducting business in the state of Nevada. Furthermore, this case involves damages in an amount in excess of $15,000.00. Venue is proper in Clark County, State of Nevada as said incident and conduct of the Defendants occurred with Clark County, State of Nevada.

///

///

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about June 21, 2019, Plaintiff was an invitee and patron at Defendant's Property, Store #2592, located at 1807 West Craig Road, North Las Vegas, Nevada 89032.

13. That on or about said date, as Plaintiff was walking through Defendant's Property when she slipped on the wet floor of the Premises (hereinafter referred to as the "dangerous condition"). As a result, Plaintiff was injured on the premises.

14. That upon information and belief, on or about June 21, 2019, Defendants, and each of them, failed to mop, clean, and maintain the floor of the premises in a reasonably safe manner by allowing the floor to remain dangerously wet and slippery causing Plaintiff to fall and injure herself.

15. That Defendants, and each of them, should have warned or otherwise made safe the dangerous condition of the slippery floor that was created because that condition was non-obvious to Plaintiff and known to Defendant.

16. That upon information and belief, on or about June 21, 2019, Defendants owed a duty of care to all patrons on the premises to instruct, train, supervise, and monitor the employees and/or agents of Defendant, including its employees, to ensure the premises were cleaned in a reasonably safe manner.

17. That Defendants, and each of them, knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

18. That Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property. Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist.

19. That upon information and belief, the dangerous condition was caused and/or created by the negligence of some or all of the named Defendants, including the DOE and ROE Defendants and/or the employee(s) and/or agent(s) of said Defendants.

20. That upon information and belief, some or all of the named Defendants, including the DOE and ROE Defendants and/or the employee(s) and/or agent(s) of said Defendants, knew or should have known of the hazardous and dangerous condition and risk of harm if presented to unsuspecting guest like Plaintiff.

21. That some or all of the named Defendants, including the DOE and ROE Defendants and/or employee(s) and/or agent(s) of said Defendants, failed to rectify the dangerous condition. These same Defendants also failed to warn Plaintiff of the dangerous condition prior to Plaintiff slipping and causing serious and debilitating injuries to Plaintiff.

22. That Defendants, and each of them, at all times relevant herein were acting within the course and scope of such agency and/or employment and as such each said Defendants shall be liable to Plaintiff for Plaintiff's injuries and damages pursuant to Nevada law including, but not limited to, NRS 41.130 all in an amount in excess of $15,000.00.

## FIRST CAUSE OF ACTION
### (Negligence)

23. Plaintiff hereby repeats, re-alleges and incorporates by reference each and every allegation set forth in the above paragraphs as though each were set forth herein verbatim.

24. Defendant Doe Work owed a duty of care to Plaintiff keep, clean, and maintain the premises in a reasonable safe manner and to avoid unnecessary risk of harm to all invitees on the day of the incident.

25. Defendant Doe Worker breached this duty when it failed to maintain the floor of the premises in a reasonably safe manner by allowing the floor to remain dangerously wet and slippery causing Plaintiff to fall and injure herself.

26. Defendants, and each of them, owed Plaintiff a duty to mop, clean, and maintain the floor of the premises in a reasonably safe manner.

27. That the negligence and carelessness of the Defendants, and each of them, includes, but are not limited to, the following: (a) failure to properly inspect, maintain and/or

control the premises, so as to prevent unreasonably dangerous; (b) failure to warn Plaintiff of the existing dangers; (c) failure to use feasible and reasonable means to avoid hazards; and (d) failure to instruct, train, control and /or supervise employees, and prevent them from causing and or preventing dangerous conditions.

28. That as a result of the above-described incident, Plaintiff suffered injuries to areas of her body, necessitating medical treatment for injuries, all of which conditions may be permanent and disabling in nature, and all to his general damages to be shown at time of trial, but in excess of $15,000.00.

29. That as a result of the above-described incident, Plaintiff experienced physical and mental pain and suffering, both past and future, in an amount to be shown at time of trial, but in excess of $15,000.00.

30. That Plaintiff suffered general damages, including pain, suffering, permanent disability, both past and future in an amount to be shown at time of trial, but in excess of $15,000.00.

31. That prior to the injuries sustained and complained of herein, Plaintiff was an able-bodied person physically capable of engaging in all other activities for which she was otherwise suited.

32. As a direct and proximate result of Defendants' negligence, Plaintiff suffered great physical and mental pain, anxiety, and other damages and will continue to do so in the future.

### SECOND CAUSE OF ACTION
(Res Ipsa Loquitur)

33. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the foregoing paragraphs above as if fully set forth herein.

/ / /

/ / /

34. That the incident on June 21, 2019, resulting in Plaintiff's injuries as described herein were such that, in the ordinary course of events, would have not happen in the absence of negligence.

35. That the Defendants, and each of them, knew or should have known that the heavy foot traffic in a Walmart store for use of patrons or guests of the establishment created an unreasonably dangerous condition to exist on the Premises.

36. That Plaintiff was not contributorily negligence nor comparatively at fault.

37. That Defendants had exclusive control over all instrumentalities and circumstances involved in the dangerous condition that caused injury to Plaintiff.

38. That Plaintiff will reply upon the doctrine res ipsa loquitur to prove that Defendants are liable for the damages to Plaintiff as herein set forth.

39. That as a result of the actions of Defendants, and each of them, Plaintiff has suffered damages as described in excess of $15,000.00.

40. That the identities of Defendants DOES 16- 20 and ROES 16-20, are unknown at this time and may be individuals, employees, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or related business entities of Defendants, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendants and may be responsible for the injurious activities of the other Defendant. Plaintiff alleges that each named and Doe Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein. Each named Doe Defendant is legally responsible for the events and happenings stated in this Complaint, and thus proximately caused injury and damages to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to specify the Doe Defendants when their identities become known.

41.     That Plaintiff has found it necessary to retain the services of an attorney to prosecute this action and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

### THIRD CAUSE OF ACTION
(Negligent Hiring, Retention, Training and Supervision)

42.     Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

43.     Defendants, and each of them, owed a duty of care to all patrons on the premises to instruct, train, supervise, and monitor the employees and/or agents of Defendant to ensure the premises were cleaned in a reasonably safe manner.

44.     That Defendants, and each of them, breached this duty and were negligent in the selection, hiring, training, supervision and/or retention of Doe Defendants at all times relevant herein.

45.     That Defendants knew or reasonably should have known that management was engaging in wrongful protocol, maintenance and cleaning, security, safety and/or supervision of the area at issue and were unfit for their management position.

46.     That Defendants' management employees engaged in actions including, but not, limited to, lack of establishing a policy, deficient in directing employees to sweep, inspect, maintain, control, and clean the area where multiple patrons would gather and could cause a hazardous and/or dangerous condition.

47.     That at all material times, Defendants knew or reasonably should have known that the conduct, acts, or failures to act of management, and the conduct, acts, or failures to act of other employees or agents of Defendant's (including Doe and Roe Defendants) that managed and supervised directly injured Plaintiff.

48.     That at all material times, Defendants knew or reasonably should have known that the incidents and conduct of management and other employees described above, would and did

proximately result in injuries and damages to Plaintiff, including but not limited to, mental anguish and emotional distress.

49. That at all material times, Defendants knew, or in the exercise of reasonable care should have known and cold have reasonably foreseen, that unless Defendants intervened to protect Plaintiff, and or to adequately supervise, control, regulate, train, discipline, and/or otherwise penalize the conduct, acts, and failures to act, and/or terminate the employment of managers or employees who failed to act, such conduct would continue, thereby subjecting Plaintiff to injury and severe emotional distress, and would have the effect of encouraging, ratifying, condemning, exacerbating, increasing, and worsening the conduct, acts, and failures to act described above.

50. That at all times Defendants had the power, ability, authority and duty to intervene, supervise, train, prohibit, control, regulate, discipline and/or penalize the conduct and/or terminate the employment of Defendants and other agents or employees described above.

51. That Defendants negligently failed to act so as to prevent, supervise, train, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or otherwise protect Plaintiff.

52. That Defendants negligently retained management when it knew or should have known they were unfit for their position. Further Defendants willfully, recklessly, and/or negligently retained other agents, managers, and/or employees who failed to take action against managers for their wrongful conduct.

53. That as a direct and proximate result of the failure of Defendants to protect Plaintiff, and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act and/or terminate the employment these managers and other employees, such conduct, acts and failures to act had the effect of ratifying,

encouraging, condoning, exacerbating, increasing, and/or worsening such conduct, acts, and or failures to act.

54. That as a direct and proximate result of Defendants' acts in. among other things, failing to supervise or train its agents and employees, and its retention of management and others, Plaintiff has suffered and continues to suffer severe emotional distress and has incurred and continues to incur special, general, and compensatory damages.

55. That pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" Defendants are liable to Plaintiff for their management's wrongful and tortuous acts.

56. That Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, and physical injury.

57. That as a direct and proximate cause of Defendants' wrongful conduct, Plaintiff suffered and continues to suffer special, general and compensatory damages in excess of $15,000.00.

58. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to secure the services of any attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for his attorney fees and costs incurred herein.

WHEREFORE, Plaintiffs prays judgment of this Court as follows:

1. General damages as allowed by law;

2. Special and/or contractual damages as allowed by law;

3. Damages for personal injuries in an amount in excess of $15,000.00, to include pain and suffering

4. Damages for medical expenses incurred, both past and future, in amount to be determined at trial;

5. Damages for lost of earnings and earning capacity incurred, both past and future, in an amount to be determined at trial;

6. For exemplary or punitive damages in an amount sufficient to deter Defendants and other form engaging in similar conduct in an amount to adequately express social outrage over Defendants' wrongful and willful actions;

7. For any and all pre- and post-judgment interest allowed under the law;

8. Reasonable attorney's fees and costs; and

9. For such other further relief as this Court may deem just and proper.

DATED this 8th day of June, 2021.

DIMOPOULOS INJURY LAW

_____
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
6830 South Rainbow Boulevard, #200
Las Vegas, NV 89118
*Counsel for Plaintiff*